# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT CAROTENUTO and KATHERINE CAROTENUTO, | * * * Case No.: |
| Plaintiffs, | * * |
| v. | * * |
| UNITED STATES POSTAL SERVICE and REMMINALD STEPHENS, | * Demand for Jury Trial * * |
| Defendants. | * |

## COMPLAINT

Plaintiffs, Robert Carotenuto and Katherine Carotenuto, by and through their undersigned counsel, aver as follows:

## JURISDICTION AND VENUE

1. Plaintiffs' action against the United States Postal Service ("USPS") and Remminald Stephens arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 28 U.S.C. §2671 et seq., and 28 U.S.C. §2401(b).

2. This Court has supplemental jurisdiction over all other claims asserted herein in that they are related to those issues over which original jurisdiction is conferred, and are part of the same case or controversy, pursuant to 28 U.S.C. §1367(a)

3. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. §1402(b) in that, at all times relevant hereto, Plaintiffs were residents of Delaware, which is within this judicial District, and further, the event giving rise to the claims asserted herein occurred in Sussex County, Delaware, also within this judicial District.

1

4. On October 1 2020, Plaintiffs presented via U.S. Mail, his claim to Defendant USPS on Standard Form 95, pursuant to 28 U.S.C. §2675 and 28 C.F.R. Part 14.  Said claim contained a demand for money damages, and such demand was a sum certain. Receipt of that claim was received and acknowledged by Defendant USPS on November 6, 2020.

5. On January 13, 2022, Plaintiffs amended their demand.  Plaintiffs presented via fax, email and U.S. Mail, an amended claim to Defendant USPS on Standard Form 95, pursuant to 28 U.S.C. §2675 and 28 C.F.R. Part 14.  Said claim contained an increased demand for money damages due to additional medical treatment, lost wages and future damages, and such demand was a sum certain. Receipt of that claim was received and acknowledged by Defendant USPS on February 1, 2022.

6. More than six (6) months has elapsed since filing of the claim with Defendant USPS on January 13, 2022.  As such, pursuant to 28 U.S.C. §2675(a) and 39 CFR 312.9(a), Plaintiffs at their option, may deem such lack of final disposition as a denial and proceed with suit.

**PARTIES**

7. Plaintiffs, Robert and Katherine Carotenuto, husband and wife, are residents of Sussex County, Delaware, who can be contacted for purposes of this litigation through their undersigned counsel, Jennifer D. Donnelly, Esquire, of Kimmel Carter, 56 W. Main Street, Suite 400, Newark, DE 19702.

8. Defendant USPS, a government agency, at all times relevant hereto maintained a post office where its subject postal vehicle was registered at 1121 S. Central Avenue, Laurel, Delaware 19956.

9. Defendant Stephens, upon information and belief, was an employee of USPS at the time of the event giving rise to this claim/case. He is a resident of Salisbury, Maryland.

## FACTS

10. On August 10, 2020, at approximately 17:19, Plaintiff, Robert Carotenuto was lawfully operating a motor vehicle eastbound on Laurel Road, SR 24, in Laurel, Delaware.

11. At the same time and location as stated in paragraph 10, Defendant, Remminald Stephens, who was an employee, agent, servant of Defendant USPS was operating a motor vehicle owned by Defendant USPS, westbound on Laurel Road, in Laurel Delaware, when Defendant Stephens crossed the center line striking Plaintiff, Robert Carotenuto's vehicle.

12. At all times relevant hereto, Defendant USPS owned the vehicle operated by Defendant Stephens.

13. At all times relevant hereto, Defendant Stephens was operating the USPS vehicle within the course and scope of his employment with USPS.

14. At all times relevant hereto, Defendant USPS was acting by and through its respective agent, servant and employee, Defendant Stephens, in the operation of the USPS vehicle that caused the collision.

15. As a result of the Defendants' conduct and motor vehicle collision, Plaintiffs sustained significant permanent injuries and damages, as more specifically stated below.

## COUNT I: NEGLIGENCE

16. Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

17. Defendant Stephens' conduct was careless and/or negligent in a manner which proximately caused the aforesaid accident in that he:

    a. failed to keep proper lookout in the operation of his/USPS' vehicle;

    b. failed to maintain proper control over the vehicle he was operating;

    c. operated his vehicle in a careless and/or inattentive manner;

    d. failed to give full time and attention to the operation of the vehicle he was operating;

        i. violated 21 Del. C. §4176(b);

    e. operated his vehicle at an unsafe speed;

        i. violated 21 Del. C. § 4168;

    f. failed to operate his vehicle upon the right half of the roadway;

    g. made an unsafe and/or reckless lane change;

    h. failed to drive her vehicle entirely within a single lane and moved from such lane without ascertaining that such movement could be made with safely;

        i. violated 21 Del. C. §4122(1);

    i. was otherwise negligent as the discovery process will reveal.

18. At all relevant times, Defendant Stephens was operating the motor vehicle owned by the United States Postal Service as an agent of the United States Postal Service. The negligence of Defendant Stephens is imputed to his principal, the United States Postal Service.

19. Defendant USPS is jointly and severally liable for the negligence of its employees, including Defendant Stephens, who was operating a vehicle owned by and registered to Defendant USPS.

20. As a result of the aforesaid conduct of the Defendants, Plaintiff, Robert Carotenuto sustained serious and permanent injuries to his neck, back, upper and lower extremities as well as other injuries, some or all of which may be permanent, pain and suffering, mental distress, and other damages.

21. As a result of the aforesaid conduct of the Defendants, Plaintiff, Robert Carotenuto incurred and continuous to incur medical expenses.

22. As a result of the aforesaid conduct of the Defendants, Plaintiff, Robert Carotenuto sustained serious and permanent injuries resulting in lost wages and lost future earning capacity.

23. As a result of the aforesaid conduct of the Defendants, Plaintiff Katherine Carotenuto, suffered the loss of her husband's consortium.

## COUNT II: RECKLESS CONDUCT

24. Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

25. Defendant Stephens' conduct was reckless in a manner which proximately caused the aforesaid accident in that he:

   a. drove his vehicle in an erratic manner;

   b. failed to give full time and attention to the operation of the vehicle he was operating in violation of 21 Del. C. §4176(b);

   c. crossed a double yellow line;

   d. made a reckless lane change;

   e. was otherwise reckless as the discovery process will reveal.

26. At all relevant times, Defendant Stephens was operating the motor vehicle owned by the United States Postal Service as an agent of the United States Postal Service. The conduct of Defendant Stephens is imputed to his principal, the United States Postal Service.

27. Defendant USPS is jointly and severally liable for the reckless conduct of its employees, including Defendant Stephens, who was operating a vehicle owned by and registered to Defendant USPS.

28. As a result of the aforesaid conduct of the Defendants, Plaintiff, Robert Carotenuto sustained serious and permanent injuries to his neck, back, upper and lower extremities as well as other injuries, some or all of which may be permanent, pain and suffering, mental distress, and other damages.

29. As a result of the aforesaid conduct of the Defendants, Plaintiff, Robert Carotenuto sustained serious and permanent injuries resulting in lost wages and lost future earning capacity.

30. As a result of the aforesaid conduct of the Defendants, Plaintiff Katherine Carotenuto, suffered the loss of her husband's consortium.

**WHEREFORE**, Plaintiffs demand judgment, jointly and severally, against the Defendants for their general and special damages in excess of PIP, in an amount to be determined by a jury, plus costs and interest.

*/s/ Jennifer D. Donnelly*
**JENNIFER D. DONNELLY, ESQ. (DE #5804)**
Kimmel, Carter, Roman, Peltz & O'Neill
Plaza 273
56 West Main Street, 4th Floor
Newark, DE 19702
(302) 565-6100
Attorney for Plaintiff

Dated: 8/4/2022